## N. Y. COMMON PLEAS.

ALFRED WHITMAN and another, agt. JOHN D. JAMES and another.

*Order of arrest — Execution against the person — Validity of an execution against the person of one defendant, where an order of arrest had been granted against two defendants who were copartners, but executed only against one — Code of Civil Procedure, section 1487.*

Where, in an action to recover money received, an order of arrest was granted against the two defendants, who were copartners, upon facts extrinsic to the cause of action set up in the complaint, and such order of arrest was executed against one defendant, and judgment was afterwards entered against the defendants and execution issued against the property of both, and then the execution against the person of the defendant against whom the order of arrest was executed was issued:
*Held,* that such execution against the person was valid, notwithstanding the order of arrest was not executed as against both the defendants, and the execution issued did not run against both the defendants.

*Special Term, August,* 1881.

*Forbes & Sage,* for plaintiffs.

*McDaniel & Souther,* for defendant James.

VAN BRUNT, *J.* — This is a motion to set aside an execution issued against the person of the defendant John D. James, on the ground of irregularity.

Whitman agt. James.

This action was to recover money received, and an order of arrest was granted against the defendants upon facts extrinsic to 'the cause of action set up in the complaint, and such order of arrest was executed against the defendant John D. James. The case was tried and a judgment was entered against the defendants, who were copartners. An execution against the property of both the defendants was issued to the sheriff, and then the execution against the person of John D. James, who was arrested under the order of arrest, was issued, and this motion is to set aside this execution.

It is claimed that because the order of arrest was not executed as against both the defendants, and as the execution issued does not run against both the defendants, that it is irregular and void.

This motion is based upon the theory that the execution does not follow the judgment. This rule, an examinaton will show, applies solely to those cases where the right to issue an execution against the person follows from the fact of a judgment having been obtained in the action, and does not depend upon any previous proceeding in the action. It applies to cases where the gist of the action is a tort, and where, if a judgment is obtained, an execution against the person may be issued as a matter of course. But in this action the right to issue the execution does not depend on the fact of having obtained a judgment alone, because section 1487 prescribes the cases in which an execution may be issued against the person, the first being where the plaintiff's right to arrest the defendant depends upon the nature of the action, and the second being in any other case where an order of arrest has been granted and executed in the action, and if it has been executed against the judgment debtor, where it has not been vacated.

An order of arrest was issued against the defendant James, and executed and not vacated, which brings him within the provisions of the several subdivisions of this section of the Code; and because the order of arrest issued against his

codefendant Wilson has not been executed, no execution could be issued against the person of Wilson.

Now if in an action against several defendants, where an order of arrest has been issued against all the defendants and executed against all but one, and it has been impossible to execute the order against that defendant, the claim of the defendant James in this action is well founded, all the other defendants are exempted from the execution against the person because the plaintiff has found it impossible to execute the order of arrest against a codefendant. Such a result was never contemplated by the Code, and such a construction, unless compelled by the language of the Code, should not be put upon it.

I am of the opinion that the authorities cited, that an execution against the person must follow the judgment, do not apply to the case where the right to issue an execution does not depend on the nature of the action.

The motion to set aside the execution must therefore be denied, with ten dollars costs.